### WOHLGEMUTH V. TAYLOR.

1. DISMISSAL OF ACTION IS A JUDGMENT REVIEWABLE ON ERROR.

Where the parties are before the court by petition, service and answer, and the burden of proof is on the plaintiff, the case is reached for trial on the calendar, and defendant is present, but plaintiff fails to appear, a dismissal of the action for want of prosecution at cost of plaintiff, is a final judgment, and not an order, and is reviewable on error.

2. MOTION TO VACATE JUDGMENT, WHEN TO BE MADE.

A motion to vacate a judgment because of its rendition before the action regularly stood for trial, must be made within the first three days of the succeeding term, as provided by Sec. 5357 Rev. Stat.

3. VACATION OF JUDGMENTS AFFECTS A SUBSTANTIAL RIGHT, WHEN.

An order supending a judgment after the time has gone by for vacating judgments rendered before the actions regularly stood for trial, affects a substantial right, within the meaning of Sec. 6707 Rev. Stat., and is reviewable on error.

William G. Williams, for the motion:

Walker v. Devlin, 2 Ohio St. 593, 594; Moore v. Given, 39 Ohio St. 661; Robbins v. Clemmens, 41 Ohio St. 285; Neff v. Sullivan, 9 Re. 765 (17 Bull. 168); Freeman, Judgments Sec. 125; Evans v. Iles, 7 Ohio St. 233, 235; Huntington v. Finch, 3 Ohio St. 445, 447; Frazier v. Williams, 24 Ohio St. 625 et seq.; Braden v. Hoffman, 46 Ohio St. 639, 642 [22 N. E. Rep. 930].

Stephens & Lincoln, contra.

JELKE, J.

This cause was set below, called for trial in its order on the calendar and dismissed for lack of prosecution at the costs of the plaintiff. We are of opinion that the dismissal was a "judgment," and not an "order." The case of Evans v. Iles, 7 Ohio St. 233, 234, is not in point. That was a case where defendant appeared in court only to make the motion and point out its want of jurisdiction, and secured an order of dismissal for want of proper service. Of course such an order could not be a judgment, the court not having the parties before it.

Here the parties were before the court by petition, service and answer. The case was reached for trial; the burden was on the plaintiff; defendant stood ready to meet him; plaintiff came not, and the dismissed is an adjudication between the parties.

It is complained that there was irregularity in the setting; be that as it may, we do not decide, but the motion to vacate a *"judgment"* because of its rendition before the action regularly stood for trial can be made only in the first three days of the succeeding term, and this was not done. See Sec. 5357 Rev. Stat.

This being so, the court had no power in July, more than three months after, to disturb or suspend the judgment. The order of suspension affected a substantial right of defendant below within the provisions of Sec. 6707 Rev. Stat., and is reviewable in this court on error.

Case reversed.

## EASEMENTS—PLEADINGS.

[Cuyahoga (8th) Circuit Court, July 27, 1903.]

Marvin, Winch and Laubie, JJ.

(Judge Laubie of the Sixth Circuit sitting in place of Judge Hale.)